# TELEPHONIC CONFERENCE FOR NOVEMBER 18, 2016

*Rule 16 Scheduling Conference*

| | | |
|---|---|---|
| 9:04 a.m. | ABB INC. v. Rennie, et al | 5:16-cv-755-FL |

| | | |
|---|---|---|
| **ATTYS FOR PLAINTIFF:**<br>*ABB INC.* | Ted N. Kazaglis<br>Melissa R. Davis<br>Jackson Lewis PC<br>Raleigh, NC | 919-760-6460 |
| | | |
| **ATTYS FOR DEFENDANTS:**<br>*Jon Rennie; Stephen Lindsay;*<br>*Steve Chu; Lei Wang; Michael*<br>*Bricker; and Peak Demand, Inc.* | J. Kellam Warren<br>Anne R. Reuben<br>Mainsail Lawyers<br>Asheville, NC | 919-238-4088<br>919-636-5389 |

==***Proceedings held in chambers and not recorded.**==*

Court Officials Present -
Christa Baker, Case Administrator
Stephen Youngblood, Law Clerk

Extensive discussion undertaken as to the parties' competing positions pertaining to preservation, exchange, spoliation, and scope of forensic evidence. Parties acknowledge their failure to attach a proposed forensic protocol in supplement to their recently filed Rule 26(f) report so the court is without benefit of specifics at commencement of this proceeding.

Defense counsel notes that allegations are only made with specificity as to three of the named defendants in plaintiff's complaint. Counsel feels allowance of broad sweeping forensic discovery as that proposed by plaintiff's counsel is not appropriate under the rules, and is premature at this juncture in the case.

With the exception of thorny forensic discovery issues, the parties are largely in agreement as to the proposed case schedule. Defendants' counsel does note he will endeavor to have fact discovery completed by the brief six month deadline the parties have offered, but does have concern that it may not be realistic as the case proceeds in discovery. Court acknowledges counsel's concern and indicates this will be memorialized in the forthcoming case management order to follow after this hearing. Both parties agree that any ADR attempts prior to conclusion of discovery would not be fruitful and parties surmise they may need additional time outside of the 21 day deadline prescribed subsequent to entry of the case scheduling order within which to identify their mediator. Court will include directive in the case management order that the parties are absolved of this requirement in light of this representation by counsel. Parties confirm that initial disclosures have been exchanged.

Defendants' counsel makes ORAL MOTION to bifurcate discovery. After hearing further from the parties, the court does not find good cause. MOTION DENIED.

Court inquires as to spoliation concerns. Defendants' counsel reports that he has imaged all devices known to him to potentially contain discoverable information for preservation purposes in this litigation. Counsel is in process of reviewing imaged items to inventory exactly what is relevant in discovery and subject to forensic examination.

Court sets the following preliminary deadlines as to matters of concern in discovery that have been raised at this proceeding -

11/28/16 - Plaintiff to file list of devices that contain discoverable information.

12/20/16 - Deadline for Rule 26(a) documents to be exchanged. (Court anticipates holding in abeyance further address of forensic discovery protocol issues until after this date.) Defendant must submit either under seal, ex parte or in camera, images of all devices believed to contain discoverable information. Filing is to include listing of the contents with highlighting of all items that overlap with plaintiff's list. Defendant must also identify any items that are not otherwise identified in plaintiff's list.

> *If parties are not able to agree as to this issue after exchange of the lists and informal conference amongst themselves, plaintiff shall file the appropriate motion alerting the court to same. Expedited briefing on this motion will occur with defendants' response coming due seven days after filing of the motion and no reply allowed. Court puts parties on notice that such a motion will likely be referred to a magistrate judge for determination.*

12/30/16 - Joint status report due in supplement to Rule 26(f) report specifically updating status of forensic protocol issues. If agreement has been reached, parties may file proposed consent order in lieu of status report on that discrete issue. If contentious issues remain, parties shall file their competing proposals as attachments to the status report for the court's review.

Written case management order to follow.

Court adjourned - 9:51 a.m.