IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO. 5:16-cv-755-FL

| | |
|---|---|
| ABB INC., | )<br>) |
|     Plaintiff/Counterclaim- Defendant, | )<br>) |
| vs. | )<br>) |
| JON RENNIE, STEPHEN LINDSAY, STEVE CHU, LEI WANG, MICHAEL BRICKER, | )<br>)<br>)<br>) |
|     Defendants, | )<br>) |
| PEAK DEMAND, INC., | )<br>) |
|     Defendant/Counterclaim-Plaintiff. | ) |

**REVISED STIPULATED PROTECTIVE ORDER**

This Revised Stipulated Protective Order ("Protective Order") is made and entered into by and between Plaintiff, ABB Inc. (hereinafter referred to as "Plaintiff" or "ABB"), and Defendants, Jon Rennie, Stephen Lindsay, Steve Chu, Lei Wang, Michael Bricker, and Peak Demand, Inc. ("Peak Demand") (hereinafter collectively referred to as "Defendants"), by and through their respective counsel of record, and in compliance with the requirements of this Court, and the direction contained in the Case Management Order [DE # 41].

1. This case involves claims and counterclaims asserted by competitors that relate to ABB's contention that Defendants misappropriated confidential and/or trade secret information and Defendants' denial of the same and contrary assertion that Peak Demand independently developed its products. The parties anticipate that discovery (and potentially review to be conducted by independent thirty party consultants, including experts) will involve the exchange of documents and information that the Parties claim is

confidential and/or trade secret information concerning the business or personal affairs of the Parties.

2. As used in this Protective Order, the following words and phrases shall have the following meanings:

   a. "Party" or "Parties" mean any or all parties to this action, any signatories to this Protective Order, their employees, agents and representatives.

   b. "Document" shall be construed in its broadest sense and means: (1) any written, printed, typed, recorded, photographic, transcribed, or graphic or digital matter however produced or reproduced, including film impressions, magnetic tape, sound or mechanical reproductions, audiotapes, videotapes and/or any information contained within computer hard drives, storage discs, or any other means of storage or maintenance of electronic media; and (2) any copies, reproductions, or summaries of the foregoing, including video and/or digital images or electronic copies.

   c. "Confidential Material" means all Documents, or portions of Documents, as well as any copies, summaries, abstracts, testimony, electronically stored information, or any other items, derived from or containing information which a Party in good faith believes reveals confidential business or personal information of a sensitive nature that the Party designates as "Confidential" in accordance with this Protective Order.

   d. "Attorneys' Eyes Only Material" means all Documents, or portions of Documents, as well as any copies, summaries, abstracts, testimony, electronically stored information, or any other items, derived from or containing information or

material which a Party in good faith believes reveals extremely sensitive and/or highly confidential business or personal information, the disclosure of which would create a substantial risk of injury to the proprietary, business, competitive, security, and/or privacy interests of the Parties and/or nonparties, which injury could not be avoided by less restrictive means that the Party designates as "Attorneys' Eyes Only" in accordance with this Protective Order.

3. During the pendency of this action, unless otherwise ordered by the Court, the following procedures shall govern the discovery and exchange of documents and information in the above-captioned action:

   a. Documents and other material claimed to be Confidential Material shall, prior to production, be marked by the producing party as "Confidential" or by otherwise notifying counsel of this designation in writing. Copies, extracts, summaries, notes, and other derivatives of Confidential Material also shall be deemed Confidential Material and shall be subject to the provisions of this Protective Order.

   b. Stamping, printing or writing "Confidential" on the cover or first page of any multi-page Document shall designate all pages of the Document, unless otherwise specifically indicated by the producing Party.

   c. Documents and other material produced that are not identified as "Confidential" at the time of production by the producing Party may thereafter be identified as such by the producing Party, or by the Party or Parties receiving the production of such Documents or material, by written notice served on each Party. Each Party who receives such written notice shall endeavor to retrieve any Confidential Material that may have been disseminated, shall affix the appropriate designation

to it, shall notify all persons to whom such Confidential Material was disseminated of the restrictions on the use and dissemination of such information, and shall thereafter distribute it only as allowed by this Protective Order; however no distribution prior to the receipt of such written notice shall be deemed a violation of this Protective Order.

4. The Parties also agree that the responding Party may designate as "Attorneys' Eyes Only" any Attorneys' Eyes Only Material by following the same procedure as set forth for Confidential Material in Section 3.

5. Confidential Material or Attorneys' Eyes Only Material may only be used by the non-designating Party for purposes of this litigation and shall not be used for any other purpose or disclosed to any other person or entity except as specifically provided herein. Except for use by counsel for the Parties hereto in the course of this litigation, no person granted access to Confidential Material and/or Attorneys' Eyes Only Material shall make any copies, reproductions, transcripts, transmissions or facsimiles of the same or any portion thereof. Specifically, such information shall not be used, attempted to be used, or disclosed for any business purpose in competition with or adverse to the Party to whom the information belongs.

6. Unless otherwise ordered by the Court or permitted in writing by the designating Party:
    a. material designated as "Confidential" shall only be revealed to: (i) the Parties to this action; (ii) counsel for the Parties and their staff; (iii) the Court and Court staff; and (iv) Employees of a Party or Deponents/witnesses designated by a Party, including experts, provided such person has been determined by counsel for the Party providing access to the material to be necessary to review such information for

purposes of this litigation, a record is kept by counsel indicating to whom such information has been revealed, and the person to whom such information is revealed signs a Non-Disclosure Agreement in the form attached hereto, stating that they have read this Protective Order and agree to be bound by its terms.

    b.    material designated "Attorneys' Eyes Only" may only be viewed and inspected by: (i) counsel of record and their staff; (ii) in house counsel (or outside corporate counsel retained for purposes of this litigation) for the corporate Parties; and (iii) the Court and its staff. Provided however that in the event that counsel reasonably determines Attorneys' Eyes Only designated materials to be necessary for review by a non-attorney for purposes related to this litigation (such as review by technical experts whether internal or external), counsel shall disclose the person to whom such information is being made available to counsel for the producing Party, along with the purpose of such review (unless the deadline for expert disclosures has not then passed, in which case only a general statement of the purpose need be disclosed) and shall require such person to sign a Non-Disclosure Agreement in the form attached hereto, stating that they have read this Protective Order and agree to be bound by its terms. Counsel shall retain each such signed Non-Disclosure Agreement and shall produce a copy to opposing counsel.

7. If at any time a Party objects to the designation of a Document or information as "Confidential" or "Attorneys' Eyes Only", the objecting Party shall notify the designating Party in writing. The objecting Party shall identify the information or Document in question, and shall specify in reasonable detail the reason or reasons for the objection. If

the Parties cannot resolve their differences, either Party may apply to the Court for a ruling. The "Confidential" and/or "Attorneys' Eyes Only" designation shall be maintained until the Court rules otherwise.

8. The Parties agree for purposes of this Protective Order that an inadvertent disclosure of Confidential Material, Attorneys' Eyes Only Material, privileged or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection), including but not limited to metadata and other such information, shall not be deemed a waiver or forfeiture of such privilege or protection provided that the Party making the production or disclosure promptly identifies any such Documents, information and/or metadata mistakenly produced after discovery of the inadvertent production. The Parties further agree that, upon request, any such mistakenly-produced Documents, information, and/or metadata shall be returned. In the event of a dispute over use of any privileged materials, the receiving Party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

9. Except for use by counsel for the Parties hereto in the course of this litigation, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential and/or Attorneys' Eyes Only Material shall make any copies, reproductions, transcripts, or facsimiles of the same or any portion thereof.

10. A designation of "Confidential" or "Attorneys' Eyes Only" shall not preclude the use of such information in any hearing or Court proceeding, provided such Documents are filed under seal in accordance with the Rules of this Court. Any Party seeking to file Documents or information under seal shall comply with those requirements set forth by the Fourth

Circuit Court of Appeals and the rules of this Court. See, e.g., *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

11. Each time a party seeks to file under seal confidential documents, things and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying:

    a. the exact documents, things, and/or information, of portions thereof, for which filing under seal is requested;

    b. where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access;

    c. the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;

    d. the reasons why alternatives to sealing are inadequate; and

    e. whether there is consent to the motion.

    Finally in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

12. The Parties reserve the right to seek guidance from the Court regarding the specification of appropriate safeguards concerning evidence at trial or may do so by later agreement at or before trial.

12. After the final termination of this litigation by judgment, appeal, settlement, or otherwise, all Documents and/or information produced in discovery and all excerpts and copies thereof which were marked "Confidential" or "Attorneys' Eyes Only" shall be returned to

the producing Party or destroyed by the receiving Party except that counsel of record may retain one copy of such information and may retain their respective work product that contains Confidential and/or Attorneys' Eyes Only Material, provided that Confidential and/or Attorneys' Eyes Only Material shall not be disclosed or used for any purpose except as may be required by subpoena or court order, in which case the attorney required to disclose such information shall promptly provide the designating Party with written notice of the demand for disclosure and shall refrain from disclosing such information for a period of no less than ten (10) days from issuance of such subpoena or court order, or such shorter period as specified in a court order, to enable the designating Party to seek relief from the appropriate court.

13. Neither the termination of this action nor the termination of the employment, engagement, or agency of any person who had access to any Confidential and/or Attorneys' Eyes Only Material shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on the use of any Confidential and/or Attorneys' Eyes Only Material disclosed pursuant to this Agreement.

14. The restrictions set forth in this Protective Order shall not apply to information that:
    a. is in the public domain at the time of disclosure as evidenced by a written Document,
    b. becomes part of the public domain, other than through violation of this Protective Order, or
    c. can be shown by the receiving Party to have been lawfully in its possession at the time of the disclosure as evidenced by a written Document.

15. Nothing in this Protective Order or done by the Parties pursuant to this Protective Order shall constitute an admission by any Party, or shall be used as evidence in any subsequent proceeding, that information designated as Confidential and/or Attorneys' Eyes Only Material actually is Confidential and/or Attorneys' Eyes Only Material and nothing herein shall preclude the Parties from raising any available objection, or seeking any available protection, including but not limited to the grounds of the admissibility, materiality, trial preparation materials, and privilege.

16. The Parties agree that no failure or delay in exercising any right, power or privilege granted in this Protective Order shall operate as a waiver of any such right, power or privilege granted in this Protective Order.

17. The Parties stipulate and agree that this Protective Order shall be effective once entered, and retroactive to the date it was agreed by counsel.

18. This Protective Order may be modified only by further order.

    **IT IS SO ORDERED.**

    This the 30th day of November, 2017.

    HONORABLE LOUISE W. FLANAGAN
    UNITED STATES DISTRICT COURT JUDGE

This the 28th day of November, 2017.

| | |
|---|---|
| /s/ Kellam Warren | /s/ M. Robin Davis |
| KELLAM WARREN | M. ROBIN DAVIS |
| N. C. State Bar No. 26811 | N. C. State Bar No. 21655 |
| ANNIE REUBEN | TED N. KAZAGLIS |
| N. C. State Bar No.: 43154 | N. C. State Bar No. 36452 |
| 14 South Pack Square, Suite 502 | JASON V. FEDERMACK |
| Asheville, NC 28801 | N. C. State Bar No. 46014 |
| Telephone: (919) 238-4088 | Jackson Lewis P.C. |
| Facsimile: (888) 501-9309 | *Attorneys for Plaintiff* |
| Email: kellam@mainsaillawyers.com | 3737 Glenwood Avenue, Suite 450 |
| Email: areuben@mainsaillawyers.com | Raleigh, NC 27612 |
| *Attorneys for Defendants* | Telephone: (919) 760-6460 |
| | Facsimile: (919) 760-6461 |
| | Email: robin.davis@jacksonlewis.com |
| | email: kazaglis@jacksonlewis.com |
| | email: jason.federmack@jacksonlewis.com |

4844-9952-5463, v. 1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:16-cv-755-FL

| | |
|---|---|
| ABB INC., )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>JON RENNIE, STEPHEN LINDSAY, )<br>STEVE CHU, LEI WANG, MICHAEL )<br>BRICKER and PEAK DEMAND, INC., )<br>)<br>Defendants. ) | **NON-DISCLOSURE<br>AGREEMENT** |

I, _____ , acknowledge that I have read and understand the Protective Order in the above-captioned matter (the "Litigation") governing the non-disclosure of those portions of discovery material that have been designated as "Confidential" and/or "ATTORNEYS' EYES ONLY" (collectively, the "Materials"). I understand that my review of these Materials has been determined by the attorney for the Plaintiff/Defendants (circle one) to be necessary for purposes of this Litigation. I expressly agree that I will not disclose such Materials to anyone other than those persons expressly permitted under the Protective Order, and only for purposes of this Litigation. I further agree that at the conclusion of the Litigation, I will return all such Materials to the attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am bound by the Protective Order for the purpose of any issue or dispute arising hereunder and that my violation of any term of the Protective Order could subject me to civil liability.

DATE: _____ _____

_____

4844-9952-5463, v. 1